## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              Case No. 12-mc-51376
                                              Honorable Denise Page Hood

MOHAMMED EL-FALLAL,

        Defendant,

and

CHASE BANK USA, N.A.,

        Garnishee.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S REQUEST FOR HEARING AND CLAIM FOR EXEMPTIONS

On January 13, 2010, Defendant Mohammed El-Fallal was charged in the matter *United States v. Muhammad Shahab et al.*, Case No. 10-20014, with one count of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349.  On June 23, 2010, Defendant pled guilty to conspiracy to commit health care fraud pursuant to a Rule 11 Plea Agreement. [*United States v. Shahab*, Case No. 10-20014, Docket No. 162] The Rule 11 Plea Agreement provided that the Court "shall order restitution to every identifiable victim of defendant's offense(s).  The victim, and the full amounts of restitution in this case, are as follows: U.S. Department of Health and Human Services: $2,802,461.32.") [Docket No. 9, Ex. B, Pg ID 48] On January 11, 2011, the Court sentenced Defendant to a term of imprisonment of 46 months and restitution in the amount of $2,802,261.32. [Docket No. 9, Ex. A]  On October 10, 2012, the Government filed, in this matter, an application for writ of continuing garnishment upon the judgment entered against Defendant. A

writ of continuing garnishment was issued against Defendant and Chase Bank.  Defendant now requests a hearing on the garnishment.  For the reasons stated below, Defendant's request is DENIED.

Pursuant to 28 U.S.C. § 3202, the Court may consider three issues at a garnishment hearing: (1) validity of exemption claims; (2) compliance with the statutory requirements for garnishment; and (3) if there is a default, the validity of the claim and if there is good cause to set it aside.  28 U.S.C. § 3202(d).  Given that a default is not involved in this matter, Defendant is limited to challenging the validity of the exemption claims and the Government's compliance with the statutory requirements for garnishment.  Defendant asks that the Court hold a hearing on the garnishment because the Government's enforcement of the garnishment is inconsistent with the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Southern Union Co. v. United States*, 132 S.Ct. 2344 (2012).

In *Apprendi*, the Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490.  In effect, a trial judge may not impose a sentence beyond a mandatory maximum without first submitting the aggravating facts to the jury for determination.  "Thus, while judges may exercise discretion in sentencing, they may not 'inflic[t] punishment that the jury's verdict alone does not allow." *S. Union Co.,* 132 S.Ct. at 2350 (quoting *Blakely v. Washington*, 542 U.S. 296, 304 (2004)).

In *Southern Union*, the Supreme Court expanded the holding in *Apprendi* to apply to criminal fines. 132 S.Ct. at 2350–51 ("In stating *Apprendi's* rule, we have never distinguished one form of punishment from another.  Instead our decisions broadly prohibit judicial factfinding that increases

2

maximum criminal 'sentence[s],' 'penalties,' or 'punishment[s]'—terms that each undeniably embrace fines."). Essentially, Defendant argues that the Government's attempt to garnish his property is impermissible because (1) Defendant's restitution is beyond the statutory maximum, and (2) any aggravating facts that would allow such a sentence were not submitted to the jury.

The Government argues that Defendant cannot collaterally attack the restitution order unless the Court construes Defendant's objection to the garnishment as a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. In holding *pro se* litigants to a less stringent standard, the Court may consider Defendant's objection to the garnishment as a § 2255 motion. *See Haines v. Kerner*, 404 U.S. 519, 529 (1972). Pursuant to § 2255(f), Defendant may bring a motion to vacate, set aside, or correct a sentence within one year of the latest of the following events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

It would appear that Defendant's objection would fall under subsection (3). Construing Defendant's objection as a § 2255 motion, the Court denies the motion for several reasons.

First, Defendant's sentence was based on the facts contained in his Rule 11 Plea Agreement. In his Rule 11 Plea Agreement, Defendant agreed to the facts underlying his plea, including the fact that he caused $2,802,481.32 in home health care clams to be billed falsely to Medicare. [Docket No. 9, Ex. B, Pg ID 44–46] Defendant further agreed that he waived his right to appeal his sentence

3

and conviction if the sentence did not exceed the maximum contained in the Rule 11 Plea Agreement. [Docket No. 9, Ex. B, Pg ID 49]. The Rule 11 Plea Agreement noted that the Court would order restitution in the amount of $2,802,461.32. [Docket No. 9, Ex. B, Pg ID 48] Second, the Sixth Circuit has held that *Apprendi*, and by necessary implication *Southern Union*, do not apply to restitution orders because there is no statutory maximum.[1]  *United States v. Sosebee*, 419 F.3d 451, 461 (6th Cir. 2005) ("Although restitution is considered punishment in this context, we have nevertheless held that restitution orders are not affected by the Supreme Court's ruling in *Apprendi,* because the restitution statutes do not specify a statutory maximum.") (citation omitted).  Finally, the ruling in *Southern Union* was not made retroactive nor did the Supreme Court recognize a new right; rather *Southern Union* reaffirms an existing right. 132 S. Ct. 2344, 2349–51. The Court finds that Defendant has not met his burden under § 2255(f)(3).

Accordingly,

IT IS ORDERED that Defendant Mohamed El-Fallal's Request for Hearing About the Garnishment and Claim for Exemptions [Docket No. 5, filed November 2, 2012] is DENIED.

IT IS SO ORDERED.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  August 6, 2013

---

[1] "In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court."  18 U.S.C. § 3664.

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 6, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager